**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MORGAN KEEGAN & COMPANY,**

                **Petitioner,**

**-vs-**                                                           **Case No. 6:10-cv-282-Orl-18DAB**

**DENNIS CONTOIS**
**Individually & as Trustee of the Contois**
**Living Trust,**
**JANE CONTOIS**
**As Trustee of the Contois Living Trust,**
**ROSE CONTOIS,**

                **Respondents.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Petition for Attorney's Fees by Dennis Contois, individually and as Trustee of the Contois Living Trust, Jane Contois, as Trustee of the Contois Living Trust, and Rose Contois (Doc. No. 16, filed Mar. 30, 2010);

2. Response to Respondents' Motion to Dismiss Petition for Attorney's Fees by Morgan Keegan & Company, Inc. (Doc. No. 21, filed Apr. 20, 2010);

3. Motion for Leave to File a Reply Brief in Support of Respondents' Motion to Dismiss by Dennis Contois, individually and as Trustee of the Contois Living Trust, Jane Contois, as Trustee of the Contois Living Trust, and Rose Contois (Doc. No. 22, filed Apr. 22, 2010); and

4. Amended Rule 3.01(g) Notice and Corrected Certificate of Service by Dennis Contois, individually and as Trustee of the Contois Living Trust, Jane Contois, as Trustee of the Contois Living Trust, and Rose Contois (Doc. No. 23, filed May 3, 2010).

**Background**

The present case arises out of an arbitration brought before the Financial Industry Regulatory Authority (hereinafter "FINRA Arbitration") by Dennis Contois, individually and as Trustee of the Contois Living Trust, Jane Contois, as Trustee of the Contois Living Trust, and Rose Contois (collectively "Defendants") against Morgan Keegan & Company, Inc. ("Morgan Keegan"). (Doc. No. 1 ¶ 1.) During the FINRA Arbitration, Defendants asserted claims of breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract, violation of the Securities Act of 1933, and violation of the Florida Securities and Investor Protection Act. (Doc. No. 16-A at 12.) On May 27, 2009, the arbitration panel issued an arbitration award ("FINRA Arbitration Award") dismissing all claims against Morgan Keegan with prejudice but denying Morgan Keegan's request for attorney's fees. (*Id*. at 13.) On February 18, 2010, Morgan Keegan filed the present action seeking attorney's fees in the amount of $140,002 as well as an enhancement in the amount of $46,252 to cover costs charged to Morgan Keegan for consulting and testifying expert services. (Doc. No. 1 ¶¶ 14-15.)

On March 30, 2010, Defendants filed the present Motion to Dismiss, arguing that the statutory deadline to seek modification of the FINRA Arbitration Award denying Morgan Keegan's request for attorney's fees had expired prior to the filing of the present Petition for Attorney's Fees. (Doc. No. 16 at 1.) In response, Morgan Keegan contends that the arbitration panel did not have the authority to deny Morgan Keegan's request for attorney's fees. (Doc. No. 21 at 2-3.)

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint

> pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**Analysis**

Defendants contend that the Petition for Attorney's Fees should be dismissed because it was filed after the statutory deadline to seek modification of the FINRA Arbitration Award. (Doc. No. 16.) In response, Plaintiff Morgan Keegan argues that the arbitration panel did not have the authority to deny its request for attorney's fees and therefore the statutory deadline for modification does not apply to the Petition for Attorney's Fees. (Doc. No. 21.)

Under the Florida Arbitration Code, "[u]nless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award."[1] Fla. Stat. § 682.11 (emphasis added). The Florida Supreme Court has interpreted this provision as generally prohibiting arbitrators from awarding attorney's fees. *Turnberry Assocs. v. Serv. Station Aid, Inc.*, 651 So. 2d 1173, 1175 (Fla. 1995). Instead, parties are entitled to have the issue of attorney's fees decided by a court upon application for confirmation of

---

[1] Where the Federal Arbitration Act (FAA) governs an arbitration agreement, Florida law nonetheless controls the award of attorney's fees. *Lee v. Smith Barney, Harris Upham & Co.*, 626 So. 2d 969, 971 (Fla. 2d DCA 1993); *Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 751 So. 2d 143, 146-47 (Fla. 1st DCA 2000). Thus, even if the FAA were found to govern the present FINRA Arbitration, the Florida Arbitration Act would still govern the issue of attorney's fees.

the arbitration award. *Id*. Notwithstanding this general rule, the parties by their actions, filings, and submissions, may expressly waive their right to insist that only a court decide the issue of attorney's fees and by doing so confer subject matter jurisdiction upon an arbitrator to award attorney's fees. *Kostoff v. Fleet Sec., Inc.*, 506 F. Supp. 2d 1150, 1160 (M.D. Fla. 2007) (quoting *Cassedy v. Merrill Lynch*, 751 So. 2d at 149-50 (Fla. 1st DCA 2000)); *Turnberry Assocs.,* 651 So. 2d at 1175. Therefore, in the present case, if the parties did not expressly waive their statutory right to have the issue of attorney's fees determined by a court, the denial of Morgan Keegan's request for attorney's fees in the FINRA Arbitration Award would have exceeded the arbitrators' jurisdiction.

Both the Federal Arbitration Act (FAA) and Florida Arbitration Code set forth narrow bases for vacating, modifying, or correcting an arbitration award where the arbitration panel exceeds its jurisdiction.[2] Section 10 of the FAA provides that a court may vacate an award upon application of any party to the arbitration if "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Section 11 provides that a court may modify or correct an award upon application of any party to the arbitration where "the arbitrators awarded upon a matter not submitted to them." 9 U.S.C. § 11. A party seeking relief under Section 10 or Section 11 of the FAA must serve notice on the adverse party within *three months* after the award is filed or delivered. 9 U.S.C. § 12.

The Florida Arbitration Code provides similar limitations for vacating, modifying, or correcting an arbitration award for exceeding the arbitrators' jurisdiction. Florida Statutes § 682.13

---

[2] It is unnecessary to resolve the parties' disagreement over whether the FAA or the Florida Arbitration Code applies to the present case as the outcome is the same under either the FAA or the Florida Arbitration Code.

states that a court shall vacate an award where "the arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers." Fla. Stat. § 682.13(1)(d). Florida Statutes § 682.14 provides that a court may modify or correct an award upon application of any party to the arbitration where the arbitrators "awarded upon a matter not submitted to them." Fla. Stat. § 682.14. A party seeking relief under either Florida Statutes § 682.13 or § 682.14 must file an application within *ninety days* after delivery of a copy of the award to the applicant. Fla. Stat. §§ 682.13(2), 682.14(1).

In the present case, Morgan Keegan requested an award of attorney's fees during the FINRA Arbitration. (Doc. No. 16-12 at 2.) On May 27, 2009, the FINRA Arbitration Award was issued. (*Id*. at 1.) While the award dismissed all claims against Morgan Keegan with prejudice, it nonetheless denied Morgan Keegan's request for attorney's fees. (*Id*. at 3.) Morgan Keegan now argues that the arbitration panel could not have denied the request for attorney's fees because the panel lacked jurisdiction to do so. (Doc. No. 21 at 2.) However, under either the FAA or the Florida Arbitration Code, Morgan Keegan had a limited opportunity to challenge the FINRA Arbitration Award as exceeding the jurisdiction of the arbitration panel. Under the FAA, Morgan Keegan was required to serve notice on the Defendants within three months after the arbitration award was filed or delivered. 9 U.S.C. § 12. Under the Florida Arbitration Code, Morgan Keegan was required to file an application challenging the award within ninety days after it received a copy of the award. Fla. Stat. §§ 682.13(2), 682.14(1). Notwithstanding these requirements, Morgan Keegan's Petition for Attorney's Fees was not filed until February 18, 2010, more than eight months after the FINRA Arbitration Award was issued. (Doc. No. 16-A.) While it remains unclear from the record whether the FINRA Arbitration panel had jurisdiction to deny Morgan Keegan's request for attorney's fees, the time period for Morgan Keegan to challenge the jurisdiction of the arbitrators expired prior to the

filing of the present Petition for Attorney's Fees. (Doc. No. 1.) Accordingly, the Petition for Attorney's Fees will be dismissed as untimely.

## Conclusion

Based on the foregoing, the Motion to Dismiss Petition for Attorney's Fees by Dennis Contois, individually and as Trustee of the Contois Living Trust, Jane Contois, as Trustee of the Contois Living Trust, and Rose Contois (Doc. No. 16) is **GRANTED**. The Motion for Leave to File a Reply Brief in Support of Respondents' Motion to Dismiss by Dennis Contois (Doc. No. 22) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2010.

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties